

**FILED**
**Apr 17, 2024**
**09:16 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **FRANCISCO BELLO TOLEDO,** | ) | **Docket No. 2023-06-1942** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **GENUINE PARTS CO.,** | ) | **State File No. 5274-2023** |
| **Employer,** | ) | |
| **And** | ) | |
| | ) | |
| **SAFETY NATIONAL CASUALTY** | ) | **Judge Joshua D. Baker** |
| **CO.,** | ) | |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER

---

At an April 4, 2024 expedited hearing, Mr. Bello Toledo sought benefits for "pain and suffering," lost wages, and money to treat a back injury allegedly arising from a collision between two cherry pickers at work. For the reasons below, the Court denies his request.

### Claim History

Mr. Bello Toledo was operating a cherry picker at Genuine Parts on January 16, 2023, when another cherry picker collided with his, jarring his back. When he complained of back and neck pain, the safety manager scheduled an appointment with a nurse practitioner, who ordered x-rays. The x-rays were normal except for an "area of concern along the base of his thoracic spine," deemed "likely chronic" rather than from acute trauma.

Ten days after the injury, the safety manager scheduled an appointment for Mr. Bello Toledo directly with orthopedist Dr. Joseph Blythe. Dr. Blythe recommended physical therapy, offered an injection that Mr. Bello Toledo declined, and set a follow-up appointment.

However, when Mr. Bello Toledo returned for his follow-up, he said Dr. Blythe's staff rescheduled his appointment for being late. Because he felt his treatment could not

wait, he went to the emergency room, where he received medication and a referral to an orthopedist.

Mr. Bello Toledo went to see Dr. Eric Neff, who also recommended physical therapy, which Mr. Bello Toledo completed. Genuine Parts paid for all medical treatment, including the unauthorized emergency room visit, physical therapy, and treatment with Dr. Neff.

Two months after the injury, Genuine Parts offered a panel of physicians, and Mr. Bello Toledo chose a spine specialist even though he wished to only continue seeing Dr. Neff. So Genuine Parts did not schedule an appointment and declined to pay for any further medical care.

Two months later, Dr. Neff signed a Final Medical Report stating Mr. Bello Toledo had zero impairment, and he anticipated the injury would not require additional medical care.

At the expedited hearing, Mr. Bello Toledo complained he had received only about 60% of his pay when unable to work. He requested the remainder of his lost wages, money to treat on his own, and compensation for "pain and suffering."

### Findings of Fact and Conclusions of Law

To receive benefits at an expedited hearing, Mr. Bello Toledo must prove he would likely prevail at a final hearing. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Genuine Parts contended that Mr. Bello Toledo is unlikely to prevail at a final hearing in proving a compensable injury.[1]

To prove a compensable injury, an employee must show "to a reasonable degree of medical certainty that [the work accident] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(12)(A)-(D) (2023). Unless a cause is obvious, an "employee must present expert medical proof that the alleged injury is causally related to the employment." *Berdnik v. Fairfield Glade Com'ty Club*, 2017 TN Wrk. Comp. App. Bd. LEXIS 32, at *11 (May 18, 2017).

A back injury's cause is not obvious, as they occur in numerous ways and for diverse, complicated reasons. Yet Mr. Bello Toledo produced no expert evidence showing his back condition is causally related to his work accident or even that further treatment is required. For this reason, the Court denies his request for benefits.

---

[1] Genuine Parts moved for dismissal under Tennessee Rule of Civil Procedure 41.02(2) (2023). However, this decision makes that motion moot. At an interlocutory stage, granting a Rule 41.02 motion operates only to deny interlocutory benefits without dismissing the claim. *Carrillo v. Hurtado,* 2023 TN Wrk. Comp. App. Bd. LEXIS 40, at *10 (Aug. 16, 2023). Because benefits are denied, the outcome is the same.

Even if Mr. Bello Toledo had produced expert proof that he his injury arose primarily from his employment and requires additional treatment, the Court has no authority to award the relief he requested, including compensation for "pain and suffering," money for more treatment, or his full pay as opposed to temporary disability benefits, which is "sixty-six and two-thirds percent (66 ⅔%) of [his] average weekly wages[.]" Tenn. Code Ann. § 50-6-207.

Rather, the Workers' Compensation Law requires an employer to "furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident[.]" *Id*. at -204(a)(1)(A).

To a degree, Genuine Parts satisfied this requirement, as it paid for medical treatment. On the other hand, Genuine Parts ignored its legal obligation to offer Mr. Bello Toledo a choice of physicians within three days from when he notified his safety manager of his injury and expressed a need for medical care. Tenn. Comp. R. & Regs. 0800-02-01-.06(1) (2018). Instead, it directed him to a nurse practitioner and then to Dr. Blythe, leaving him without a choice of physician. Although permissible, directing an injured worker to "employer-sponsored medical providers . . . does not satisfy nor alleviate the requirement for providing an appropriate panel within the three (3) business days." *Id*. at -.06(4).

Genuine Parts offered a panel only after two months and did so disingenuously, as Mr. Bello Toledo testified that he never received an appointment with his panel-selected physician. Therefore, the Court refers Genuine Parts to the Compliance Program of the Bureau of Workers' Compensation for appropriate action based on its failure to timely offer a panel of physicians, as required by the Workers' Compensation Law.

It is **ORDERED** as follows:

1. Mr. Bello Toledo's request for benefits is denied at this time for lack of proof.

2. The Court refers Genuine Parts to the Compliance Program of the Bureau of Workers' Compensation for appropriate action, if any, based on its failure to provide a panel of physicians within three days as required by Tennessee Compilation Rules and Regulations 0800-02-01-.06(1).

3. The Court sets a **status hearing for Monday, June 3, 2024, at 10:30 a.m. Central Time**. The parties must call (615) 741-2113 or (855) 874-0474. Failure to call might result in a determination of the issues without the party's participation.

**ENTERED April 17, 2024.**

_____
**JOSHUA D. BAKER, JUDGE**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:

1. Medical Records
2. Rule 72 Declaration of Francisco Bell Toledo (excluding hearsay statements concerning diagnosis and treatment)
3. GPC Return to Work form dated May 1, 2023
4. Final Medical Report
5. List of Claim Payments
6. Panel

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Show Cause Order entered October 10, 2023
5. Show Cause Order entered November 7, 2023

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as shown on April 17, 2024.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Francisco Bello Toledo, Self-represented Employee | | X | bello2373@yahoo.com |
| Nick Lastra, Employer's Attorney | | X | nalastra@mijs.com nowens@mijs.com |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   - ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   - ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____        ☐ Motion Order filed on _____

☐ Compensation Order filed on_____        ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*